FILED 6/18/99
Date 99-1416-CIV-T-1?? Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

JEONG MIN KIM and UNKYOUNG KIM,

    Plaintiffs,

v.

DON C. KEENAN, CHARLES H. ALLEN,
KAREN D. FARLEY, and CHARLES H. ALLEN, P.C.
d/b/a KEENAN FIRM and/or KEENAN LAW FIRM, and
D.C. KEENAN & ASSOCIATES, P.C. d/b/a KEENAN
FIRM and/or KEENAN LAW FIRM.

    Defendants.
_____/

Case No.: 99 03647
Division:

DIVISION J



1999 MAY 11 PM 4:18 FILED

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JEONG MIN KIM ("JAMES KIM") and UNKYOUNG KIM ("JESSICA KIM") hereby sue Defendants, DON C. KEENAN, CHARLES H. ALLEN, KAREN D. FARLEY, CHARLES H. ALLEN, P.C. d/b/a KEENAN FIRM and/or KEENAN LAW FIRM, and D.C. KEENAN & ASSOCIATES, P.C. d/b/a KEENAN FIRM and/or KEENAN LAW FIRM. In support of their claim, the JAMES and JESSICA KIM state:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceed $15,000.

2. Filed contemporaneously with, and attached to, this Complaint is an expert affidavit setting forth at least one negligent act or omission committed by each defendant and the factual basis for each.

3. JAMES KIM is an individual who, at all times material, resided in Hillsborough County, Florida.

4. JESSICA KIM is an individual who, at all times material, resided in Hillsborough County, Florida.

5. At all times material JESSICA KIM and JAMES KIM were married.

6. At all times material DON C. KEENAN was a resident of the State of Georgia, a member of the Georgia Bar, actively practicing as an attorney at law and representing clients in that capacity. At all times material DON C. KEENAN operated, conducted, engaged in, and carried on a business in the State of Florida by regularly contracting to represent and representing Florida residents, including JAMES and JESSICA KIM. Additionally, at all times material DON C. KEENAN was engaged in soliciting Florida residents as clients.

7. At all times material CHARLES H. ALLEN was a resident of the State of Georgia, a member of the Georgia Bar, actively practicing as an attorney at law and representing clients in that capacity. At all times material CHARLES H. ALLEN operated, conducted, engaged in, and carried on a business in the State of Florida by regularly contracting to represent and representing Florida residents, including JAMES and JESSICA KIM. Additionally, at all times material CHARLES H. ALLEN was engaged in soliciting Florida residents as clients.

8. At all times material KAREN D. FARLEY was a resident of the State of Georgia, a member of the Georgia Bar, actively practicing as an attorney at law and representing clients in that capacity. At all times material KAREN D. FARLEY operated, conducted, engaged in, and carried on a business in the State of Florida by regularly contracting to represent and representing Florida residents, including JAMES and JESSICA KIM. Additionally, at all times material KAREN D. FARLEY was engaged in soliciting Florida residents as clients.

9. At all times material CHARLES H. ALLEN, P.C. was a professional corporation,

duly organized and operating under the laws of Georgia as a law firm. At all times material CHARLES H. ALLEN, P.C., through its agents and/or employees, operated, conducted, engaged in, and carried on a business in the State of Florida by regularly contracting to represent and representing Florida residents, including JAMES and JESSICA KIM. Additionally, at all times material CHARLES H. ALLEN, P.C., through its agents and/or employees, was engaged in soliciting Florida residents as clients.

10. At all times material D.C. KEENAN & ASSOCIATES, P.C. was a professional corporation, duly organized and operating under the laws of Georgia as a law firm. At all times material D.C. KEENAN & ASSOCIATES, P.C., through its agents and/or employees, operated, conducted, engaged in, and carried on a business in the State of Florida by regularly contracting to represent and representing Florida residents, including JAMES and JESSICA KIM. Additionally, at all times material D.C. KEENAN & ASSOCIATES, P.C., through its agents and/or employees, was engaged in soliciting Florida residents and clients.

11. At all times material D.C. KEENAN & ASSOCIATES, P.C. was doing business and holding itself out to the public as "KEENAN FIRM" and/or "KEENAN LAW FIRM."

12. At all times material CHARLES H. ALLEN, P.C. was doing business and holding itself out to the public as "KEENAN FIRM" and/or "KEENAN LAW FIRM."

13. At all times material D.C. KEENAN & ASSOCIATES, P.C., DON C. KEENAN, CHARLES H. ALLEN, KAREN D. FARLEY, and CHARLES H. ALLEN, P.C. were collectively doing business and holding themselves out to the public as "KEENAN FIRM" and/or "KEENAN LAW FIRM."

14. Pursuant to Fla. Stat. §48.193, this Court has jurisdiction over the instant case.

15. On May 27, 1996 JAMES and JESSICA KIM were involved in an automobile accident on I-75, near Valdasta, Georgia. While JAMES and JESSICA KIM were traveling Southbound on I-75, a third party crossed the median and struck the vehicle in which JAMES and JESSICA KIM were driving. Due to the fact that there was no guardrail, the vehicle in which JAMES and JESSICA KIM were driving was run off the road where it rolled over seriously injuring JAMES KIM.

16. As a result of the accident which occurred on May 27, 1996, JAMES KIM suffered bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and JAMES KIM will suffer the losses in the future.

17. As a result of the accident which occurred on May 27, 1996, JESSICA KIM was deprived and has and will continue to be deprived in the future of assistance and services; was required to spend money and to obligate herself to spend money on behalf of herself and her husband; and has and will in the future suffer lost earnings and loss of ability to earn money.

## DIRECT PROFESSIONAL NEGLIGENCE

18. JAMES and JESSICA KIM reallege paragraphs 1-17 as if set forth here in full.

19. Sometime before December 31, 1996, DON C. KEENAN, KAREN D. FARLEY, CHARLES H. ALLEN, CHARLES H. ALLEN, P.C. and D.C. KEENAN & ASSOCIATES, P.C. ("the Defendants") took on the representation of JAMES and JESSICA KIM with regards to the automobile accident that took place on or about May 27, 1996. This representation was entered into

4

in Florida, and, the terms of this representation were to comply with Florida law.

20. Pursuant to this representation, the Defendants were to actively represent the interests of JAMES and JESSICA by filing and prosecuting a suit against the State of Georgia, Department of Transportation ("the Georgia DOT") for failing to design a guardrail in the area where JAMES and JESSICA KIMs' vehicle rolled over.

21. The Georgia Tort Claims Act ("the Act") requires notice be given before bringing any tort claim against the State of Georgia. Specifically, the Act provides, in pertinent part:

> Notice of a claim shall be given in writing within 12 months of the date the loss was discovered . . . .

> Notice of a claim shall be given in writing and shall be mailed by certified mail, return receipt requested, or delivered personally to and a receipt obtained from the **Risk Management Division of the Department of Administrative Services. In** addition a copy shall be delivered personally to or mailed by first class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim.

22. It is well settled that no court has jurisdiction over the case unless the Act has been strictly complied with.

23. On approximately December 31, 1996, the Defendants filed suit, on behalf of JAMES KIM, against the Georgia DOT in the State Court of Fulton County, State of Georgia, and caused process to be served. The Defendant never filed suit on behalf of JESSICA KIM.

24. Georgia law applied to the underlying suit against the Georgia DOT.

25. On January 15, 1997, the Georgia DOT filed its "Special Appearance Answer" which raised several affirmative defenses, including failure to serve the requisite notice as required by the Act.

26. On approximately February 13, 1997, DON C. KEENAN, CHARLES H. ALLEN and KAREN D. FARLEY met to consider whether to respond to the Georgia DOT's "Special Appearance Answer." During that meeting it was determined that no response was required.

27. The Defendants never responded to the Georgia DOT's "Special Appearance Answer," nor did the Defendants ever comply with the Act which such failure to act along with failure to prosecute a case based on the losses suffered by JESSICA KIM constituted negligence or a deviation from the applicable standard of care of attorneys in the same or similar community.

28. On June 2, 1997, the Georgia DOT filed its Motion to Dismiss.

29. On January 16, 1998, the Georgia DOT's Motion to Dismiss was granted; and, the Complaint filed on behalf of JAMES KIM was dismissed. Because the time period for compliance with the Act had already expired, the Complaint was effectively dismissed with prejudice.

30. Had the Defendants complied with the Act and otherwise filed an appropriate complaint on behalf of JAMES and JESSICA KIM, the underlying cause of action would not have been dismissed with prejudice and JAMES and JESSICA KIM would have recovered a substantial judgment against the Georgia DOT. These judgments would have been collectable.

31. The negligent acts of the Defendants described above amounted to willful and/or wanton misconduct. Additionally, the acts and omissions of the Defendants described above constitute gross negligence.

32. As a result of the negligence or deviation from the applicable standard of care by the Defendants, JAMES KIM has been required, and will continue to be required, to pay money and obligate himself to pay money; has failed to receive substantial sums of money; has lost his cause of action against the Georgia DOT; has incurred mental pain and suffering; has lost, and will

continue to lose earnings; and has suffered a loss to his earning capacity.

33. As a result of the negligence or deviation from the applicable standard of care by the Defendants, JESSICA KIM has been required, and will continue to be required, to pay money and obligate herself to pay money; has failed to receive substantial sums of money; has lost her cause of action against the Georgia DOT; has incurred mental pain and suffering; has lost, and will continue to lose earnings; and has suffered a loss to her earning capacity.

## VICARIOUS LIABILITY PROFESSIONAL NEGLIGENCE

34. JAMES and JESSICA KIM reallege paragraphs 1-33 as if set forth here in full.

35. At all times material DON C. KEENAN, KAREN D. FARLEY, CHARLES H. ALLEN and CHARLES H. ALLEN, P.C. were agents and/or employees, acting within their capacity as agents and/or employees, of D.C. KEENAN & ASSOCIATES, P.C.

36. At all times material DON C. KEENAN, KAREN D. FARLEY, CHARLES H. ALLEN and D.C. KEENAN & ASSOCIATES, P.C. were agents and/or employees, acting within their capacity as agents and/or employees, of CHARLES H. ALLEN, P.C.

37. As a result of the negligence or deviation from the applicable standard of care by the Defendants described above, JAMES KIM has been required, and will continue to be required, to pay money and obligate himself to pay money; failed to receive substantial sums of money; has lost his cause of action against the Georgia DOT; has incurred mental pain and suffering; has lost, and will continue to lose earnings; and has suffered a loss to his earning capacity.

38. As a result of the negligence or deviation from the applicable standard of care by the Defendants, JESSICA KIM has been required, and will continue to be required, to pay money and obligate herself to pay money; has failed to receive substantial sums of money; has lost her cause

of action against the Georgia DOT; has incurred mental pain and suffering; has lost, and will continue to lose earnings; and has suffered a loss to her earning capacity.

## DIRECT BREACH OF CONTRACT

39. JAMES and JESSICA KIM reallege paragraphs 1-17 as if set forth here in full.

40. On or before February 28, 1997, DON C. KEENAN, KAREN D. FARLEY, CHARLES H. ALLEN, CHARLES H. ALLEN, P.C. and D.C. KEENAN & ASSOCIATES, P.C. ("the Defendants") entered into a contract with JAMES and JESSICA KIM such that the Defendants would represent JAMES and JESSICA KIM with regards to the automobile accident that took place on or about May 27, 1996. The contract was entered into in Florida; and, the terms of this contract were specifically worded as to comply with Florida law.

41. Pursuant to this contract, the Defendants were to actively and appropriately represent the interests of JAMES and JESSICA by filing and prosecuting a suit against the State of Georgia, Department of Transportation ("the Georgia DOT") for failing to design a guardrail in the area where JAMES and JESSICA KIMs' vehicle rolled over. As an implied term of the contract the Defendants agreed to represent JAMES and JESSICA KIM competently and consistent with the standard of care of attorneys in the same or similar community.

42. The Georgia Tort Claims Act ("the Act") requires notice be given before bringing any tort claim against the State of Georgia. Specifically, the Act provides, in pertinent part:

> Notice of a claim shall be given in writing within 12 months of the date the loss was discovered . . . .
>
> Notice of a claim shall be given in writing and shall be mailed by certified mail, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition a copy shall be delivered personally to or mailed by first class mail to the

8

state government entity, the act or omissions of which are asserted as the basis of the claim.

43. It is well settled that no court has jurisdiction over the case unless the Act has been strictly complied with.

44. On approximately December 31, 1996, the Defendants filed suit, on behalf of JAMES KIM, against the Georgia DOT in the State Court of Fulton County, State of Georgia, and caused process to be served. The Defendants never filed suit on behalf of JESSICA KIM.

45. Georgia law applied to the underlying suit against the Georgia DOT.

46. On January 15, 1997, the Georgia DOT filed its "Special Appearance Answer" which raised several affirmative defenses, including failure to serve the requisite notice as required by the Act.

47. On approximately February 13, 1997, DON C. KEENAN, CHARLES H. ALLEN and KAREN D. FARLEY met to consider whether to respond to the Georgia DOT's "Special Appearance Answer." During that meeting it was determined that no response was required.

48. The Defendants failed to appropriately represent the interest of JAMES and JESSICA KIM. The Defendants never responded to the Georgia DOT's "Special Appearance Answer" and never complied with the Act which such failure to act, along with failure to prosecute a claim based on the losses suffered by JESSICA KIM, constituted a breach of the contract described in paragraph 40.

49. On June 2, 1997, the Georgia DOT filed its Motion to Dismiss.

50. On January 16, 1998, the Georgia DOT's Motion to Dismiss was granted and the Complaint filed on behalf of JAMES KIM was dismissed. Because the time period for compliance

with the Act had already expired, the Complaint was effectively dismissed with prejudice.

51. Had the Defendants complied with the Act and otherwise filed an appropriate complaint on behalf of JAMES and JESSICA KIM, the underlying cause of action would not have been dismissed with prejudice and JAMES and JESSICA KIM would have each recovered a substantial judgment against the Georgia DOT. These judgments would have been collectable.

52. The breach of contract described above amounted to willful and/or wanton misconduct on the part of the Defendants. Additionally, the breach of contract discussed above amounted to gross negligence on the part of the Defendants.

53. As a result of the Defendants' breach of contract, JAMES KIM has been required, and will continue to be required, to pay money and obligate himself to pay money; failed to receive substantial sums of money; has lost his cause of action against the Georgia DOT; has incurred mental pain and suffering; has lost, and will continue to lose earnings; and has suffered a loss to his earning capacity.

54. As a result of the Defendants' breach of contract, JESSICA KIM has been required, and will continue to be required, to pay money and obligate herself to pay money; has failed to receive substantial sums of money; has lost her cause of action against the Georgia DOT; has incurred mental pain and suffering; has lost, and will continue to lose earnings; and has suffered a loss to her earning capacity.

**VICARIOUS LIABILITY FOR BREACH OF CONTRACT**

55. JAMES and JESSICA KIM reallege paragraphs 1-17 and 39-54 as if set forth here in full.

56. At all times material DON C. KEENAN, KAREN D. FARLEY, CHARLES H.

10

ALLEN and CHARLES H. ALLEN, P.C. were agents and/or employees, acting within their capacity as agents and/or employees, of D.C. KEENAN & ASSOCIATES, P.C.

57. At all times material DON C. KEENAN, KAREN D. FARLEY, CHARLES H. ALLEN and D.C. KEENAN & ASSOCIATES, P.C. were agents and/or employees, acting within their capacity as agents and/or employees, of CHARLES H. ALLEN, P.C.

58. As a result of the Defendants' breach of contract described above, JAMES KIM has been required, and will continue to be required, to pay money and obligate himself to pay money; failed to receive substantial sums of money; has lost his cause of action against the Georgia DOT; has incurred mental pain and suffering; has lost, and will continue to lose earnings; and has suffered a loss to his earning capacity.

59. As a result of the Defendants' breach of contract, JESSICA KIM has been required, and will continue to be required, to pay money and obligate herself to pay money; has failed to receive substantial sums of money; has lost her cause of action against the Georgia DOT; has incurred mental pain and suffering; has lost, and will continue to lose earnings; and has suffered a loss to her earning capacity.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs JAMES KIM and JESSICA KIM demand judgment for damages, including punitive damages, and any other just and equitable relief as deemed appropriate by this Court against Defendants DON C. KEENAN, CHARLES H. ALLEN, KAREN D. FARLEY, CHARLES H. ALLEN, P.C. d/b/a KEENAN FIRM and/or KEENAN LAW FIRM, and D.C. KEENAN & ASSOCIATES, P.C. d/b/a KEENAN FIRM and/or KEENAN LAW FIRM.

## DEMAND FOR JURY TRIAL

JAMES KIM and JESSICA KIM demand a trial by jury on all issues *so triable as a matter* of right.

_____
Hugh N. Smith
Florida Bar No. 120166
Jeremy E. Slusher
Florida Bar No. 0145769
SMITH & FULLER, P.A.
P. O. Box 3288
Tampa, Florida 33601
Telephone No. (813) 221-7171
Fax No. (813) 221-7175

c:\kim\pleading\complaint

12

STATE OF GEORGIA )
) AFFIDAVIT
COUNTY OF FULTON )

PERSONALLY APPEARED before the undersigned officer duly authorized to administer oaths, KEITH J. REISMAN, who first being duly sworn, deposes and upon oath says:

1.  I am an attorney at law currently licensed and practicing law in the State of Georgia. My State Bar of Georgia Number is 600520. I am a 1984 graduate of The University of Georgia Law School. I have been practicing law on a regular basis since 1984, with a substantial amount of my time having been devoted to the litigation of personal injury tort actions.

2.  I have examined the following documents in connection with Jeong Kim's lawsuit against the State of Georgia Department of Transportation as provided to me by Patrick Dekle and from the Court (as I have personally reviewed all of the following documents in the Court's official records), copies of which are attached hereto:

    (a)  **Complaint dated December 31, 1996 (Exhibit A);**

    (b)  Special Appearance Answer dated January 15, 1997 (Exhibit B);

    (c)  Defendant's Motion to Dismiss and Brief in Support dated June 2, 1997 (Exhibit C);

    (d)  Plaintiff's Response to Defendant's Motion to Dismiss and Brief in Support dated July 3, 1997 (Exhibit D);

    (e)  Defendant's Reply to Plaintiff's Opposition Brief to Motion to Dismiss dated July 25, 1997 (Exhibit E); and,

    (f)  Order granting Defendant's motion to dismiss dated January 16, 1998 (Exhibit F).

3.  I have also examined a Memorandum dated February 13, 1997, provided to me by Smith & Fuller, P.A., a copy of which is attached hereto as Exhibit G.

4.  From the exhibits it appears that on or about December 31, 1996, The Keenan Law Firm and its attorneys Don C. Keenan and Karen D. Farley, filed suit on behalf of Jeong Kim against State of Georgia Department of Transportation in which a tort claim was asserted against the State of Georgia Department of Transportation. The Complaint did not have attached to it (or otherwise reference) a notice of claim presented to the Georgia Department of Administrative Services nor evidence of delivery of such notice.

**EXHIBIT 1**

5. It further appears that on or about January 15, 1997, the State of Georgia Department of Transportation filed its Special Appearance Answer in response to the Complaint filed by The Keenan Law Firm and its attorneys Don C. Keenan and Karen D. Farley. In the Special Appearance Answer, the State of Georgia Department of Transportation asserted, among other defenses, the following: Insufficiency of Service of Process (First Defense); Failure to Serve Notice as Required by the Georgia Tort Claim Act (Second Defense); Improper Venue (Third Defense); Lack of Jurisdiction (Fourth Defense); and, Failure to Serve the Attorney General as Required by the Georgia Tort Claims Act (Fifth Defense). Each of the foregoing defenses raised legal defects with Kim's action against the State of Georgia Department of Transportation arising from the failure of The Keenan Law Firm and its attorneys Don C. Keenan and Karen D. Farley to comply with the Georgia Tort Claim Act.

6. It further appears, that Kim's injuries occurred on or about May 27, 1996. According to the Georgia Tort Claim Act, ante litem notice must be given to the State of Georgia for all tort claims within twelve months of the date of loss. See O.C.G.A. § 50-21-26(A)(1). Accordingly, the last date that ante litem notice to the State of Georgia could have properly been made was on or about May 26, 1997.

7. It further appears that on or about February 13, 1997, Don C. Keenan, Charles H. Allen and Karen D. Farley met to discuss the Special Appearance Answer by the State of Georgia Department of Transportation.

8. It further appears that on or about February 14, 1997, a letter was send by Karen D. Farley of The Keenan Law Firm to Lisa S. Siegel of the Georgia Attorney General's office. Whatever the intended purpose of the letter, the letter did not comply with any of the requirements of ante litem notice as set forth in the Georgia Tort Claim Act. A copy of this letter is attached to Plaintiff's Response to Defendant's Motion to Dismiss and Brief in Support dated July 3, 1997.

9. It further appears that The Keenan Law Firm, Don C. Keenan, Charles H. Allen and Karen D. Farley did not comply with the provisions of the Georgia Tort Claim Act with regard to Kim's claims against the State of Georgia Department of Transportation.

10. It further appears that on or about June 2, 1997, after the time within which ante litem notice in Kim's case could have properly been given, the State of Georgia Department of Transportation filed its motion to dismiss based on Kim's failure to comply with the Georgia Tort Claim Act. The State of Georgia Department of Transportation's motion was granted and Kim's action dismissed on January 16, 1998.

11. It is my professional opinion as a practicing attorney in the State of Georgia that the failure of The Keenan Law Firm and its attorneys Don C. Keenan and Karen D. Farley to give ante litem notice of Kim's claim to the State of Georgia before filing suit as required by the Georgia Tort Claim Act and to otherwise comply with the

Act, constitutes negligent acts or omissions not meeting the minimum standard of care owed by a practicing attorney at law in the State of Georgia to his client.

12. It is my professional opinion as a practicing attorney in the State of Georgia that if Charles H. Allen represented Kim prior to December 31, 1996, his failure to give <u>ante litem</u> notice of Kim's claim to the State of Georgia before filing suit as required by the Georgia Tort Claim Act and to otherwise comply with the Act, constitutes negligent acts or omissions not meeting the minimum standard of care owed by a practicing attorney at law in the State of Georgia to his client.

13. It is my professional opinion as a practicing attorney in the State of Georgia that the failure of The Keenan Law Firm and its attorneys Don C. Keenan, Charles H. Allen and Karen D. Farley to give <u>ante litem</u> notice of Kim's claim to the State of Georgia as required by the Georgia Tort Claim Act and to otherwise comply with the Act after the failure to do so was brought to their attention by the State of Georgia Department of Transportation's Special Appearance Answer and before the expiration of the time in which such notice could have properly been given, constitutes grossly negligent acts or omissions not meeting the minimum standard of care owed by a practicing attorney at law in the State of Georgia to his client.

14. Upon my information and belief, Don C. Keenan, Charles H. Allen and Karen D. Farley were at all times relevant agents and/or employees of D. C. Keenan & Associates, P.C. doing business as The Keenan Law Firm and that Charles H. Allen is an agent and/or employee of Charles H. Allen, P.C.

15. I make this Affidavit pursuant to O.C.G.A. § 9-11-9.1 for use by Jeong Min Kim and Unkyoung Kim in connection with an action for damages against the D. C. Keenan & Associates, P.C., The Keenan Law Firm, Charles H. Allen, P.C., Don C. Keenan, Charles H. Allen and Karen D. Farley alleging professional malpractice.

_____
Keith J. Reisman

Sworn to and subscribed before
me this 7th day of May, 1999.

_____
Notary Public

My Commission Expires: _____

Notary Public, DeKalb County, Georgia
My Commission Expires August 18, 2000